## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **VINCENT A. BENNETT, JR.**, | ) | CASE NO. |
|    4967 St. James Road | ) | |
|    Waldo, Ohio 43356, | ) | JUDGE |
| | ) | |
|             Plaintiff, | ) | |
| | ) | |
|    vs. | ) | |
| | ) | |
| **LOWE'S COMPANIES, INC.**, | ) | **COMPLAINT** |
|    1000 Lowe's Blvd. | ) | |
|    Mooresville, NC 28117, | ) | |
| | ) | |
|             Defendant. | ) | (Jury Demand Attached Hereto) |

### INTRODUCTION

1. This is an action for monetary damages, and equitable and injunctive relief, based upon the Defendant's discriminatory action of discharging Vincent A. Bennett, Jr., from his position on account of his age, 44. This action is brought under federal law.

### PARTIES AND JURISDICTION

2. Plaintiff, Vincent A. Bennett, Jr., (hereinafter "Plaintiff") is a citizen of the United States and lives in Marion County, Ohio.

3. Plaintiff was an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code and 29 U.S.C. §630(f)(ADEA).

4. Defendant, Lowe's Corporation, Inc., (hereinafter "Defendant") is a Mooresville, North Carolina corporation conducting business in the State of Ohio and otherwise conducting business within this District.

5. Defendant is licensed to conduct business in Ohio, employs more than 15 employees in the County of Marion County, Ohio, and is capable of suing and being sued.

6. Defendant is a "person," an "individual" and an "employer" within the meaning of Chapter 4112 of the Ohio Revised Code and an "employer" of Plaintiff as that term is defined in 29 U.S.C. §630(b).

7. Plaintiff has fulfilled all conditions precedent to the institution of this action: he filed a timely charge of age discrimination with the Ohio Civil Rights Commission and the U. S. Equal Employment Opportunity Commission on or around January 12, 2018, and received a Notice of Right to Sue on February 14, 2019. (A copy of which is attached as Exhibit A).

8. Plaintiff brings this action under 29 U.S.C. §626 for age discrimination and ORC 4112.99. This Court therefore has jurisdiction over this cause under 28 U.S.C. §633(b), 29 U.S.C. §626(b) and U.S.C. §1331.

9. Until his termination, Plaintiff reported to Defendant Lowes' store located at 1840 Marion-Mt. Gilead Road, Marion, Ohio 43302 (Store No. 1091) and the injuries that give rise to the claims in this case occurred in the State of Ohio.

**FACTS**

10. At all times relevant hereto, Plaintiff Bennett was over the age of forty (40).

11. On or before June 14, 2010, Plaintiff applied for employment with Defendant as an operations manager and assigned to the Hilliard, Ohio facility (Store No. 37).

12. At all times material, Plaintiff performed his duties in a satisfactory and/or exemplary fashion and received positive evaluations for his performance.

13. In or around September 2010, Plaintiff was promoted to the position of Store Manager wherein he was transferred to Defendant's facility located in the City of Marion, Ohio (Store No. 1091).

14. In or around December 2015, Defendant hired and retained a new, much younger, District Manager, James Drake.

15. Within his first year of employment as District Manager, Mr. Drake and the Area Human Resource Manager (both relatively new), terminated at least three store managers, all above the age of forty (40) and all positions were replaced with younger individuals.

16. During his time as an employee under the supervision of Mr. Drake, Plaintiff was frequently referred to as "Godfather", in reference to his age.

17. On or around July 4, 2017, both Plaintiff's human resource representative and the administrative assistant store manager received task assignments on the store's close time for the July 4th holiday. Plaintiff never received this task assignment, nor was he copied on it.

18. The task assignment notice identified an 8 pm closing time and told them if they had any questions to consult Lowe's Management's time keeping protocols and procedures. The duty of determining the close time for this particular day was not assigned to Plaintiff.

19. Both the HR representative and the assistant store manager made out the schedules for the employee holiday hours and posted store closing notifications on store doors, based on the information provided on their task document.

20. Plaintiff was neither notified of, nor involved in, this scheduling.

21. On July 4, 2017, Plaintiff was contacted by his supervisor, District Manager, James Drake, and asked why his store had closed early.

22. On or around July 5, 2017, Plaintiff was told he "knew better" and was "maxed out in pay" and immediately terminated.

23. Store hours and closings and scheduling were the exclusive responsibility of the store's HR representative and the administrative assistant store manager.

24. Plaintiff was a loyal and dedicated employee of Defendant for seven (7) years before his termination, with an excellent work record.

25. The reasons for discharging Plaintiff are pretextual.

26. Plaintiff was discharged, unlawfully, because of his age.

27. The actions of the Defendant and its officers, employees, and agents were willful, wanton and malicious, in bad faith, and were in complete disregard of the rights of the Plaintiff.

28. Based upon information and belief, younger employees similarly situated have been treated more favorably than the Plaintiff.

29. As a direct and proximate result of the Defendant's conduct, Plaintiff, Vincent A. Bennett, Jr., has suffered loss of income, loss of esteem, loss of quality of life, loss of benefits, embarrassment, injury to his reputation, great expense, and mental and emotional distress for which he should be compensated.

**FIRST CAUSE OF ACTION**
**(Age Discrimination in Violation of O.R.C. 4112)**

30. Plaintiff incorporates the above paragraphs as if fully rewritten herein.

31. At all times relevant hereto, Plaintiff was qualified for the positions in which he was employed.

32. At all times relevant hereto, Plaintiff successfully performed the duties and responsibilities of his position.

33. Plaintiff was discharged from his employment position with Defendant because of his age.

34. The reasons cited by Defendant for discharging Plaintiff are pretextual.

35. Upon reason and belief, Defendant hired and retained younger employees similarly situated and have been treated more favorably than the Plaintiff.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of income, loss of esteem, loss of quality of life, loss of benefits, embarrassment, injury to his reputation, great expense, and mental and emotional distress for which he should be compensated.

37. The actions of the Defendant and its officers, employees, and agents constitute discrimination against the Plaintiff on account of Plaintiff's age, over forty (40) years of age, is in violation of R.C. 4112.01 et seq.

## SECOND CAUSE OF ACTION
## (29 U.S.C. §623(ADEA))

38. Plaintiff incorporates the above paragraphs as if fully rewritten herein.

39. Plaintiff was discharged from his employment position with Defendant because of his age.

40. The reasons cited by Defendant for discharging Plaintiff are pretextual.

41. Defendant's conduct as described in this Complaint constitutes age discrimination in violation of 29 U.S.C. §623.

42. Defendant's conduct constituted a willful violation of ADEA.

43. As of a result of Defendant's adverse employment actions, Plaintiff suffered lost wages and benefits, past, present, and future, loss of job status, endured pain and suffering, humiliation, embarrassment, loss of reputation, loss of enjoyment of life and emotional distress.

5

44. Defendant and its officers, employees, and agents violates federal prohibitions including the ADEA against age discrimination.

WHEREFORE, Plaintiff requests that the Court award him back pay, together with all lost benefits, reinstatement to his former position, compensatory, liquidated and punitive damages, the costs of this action, attorneys' fees, as well as equitable relief, and any other relief this Court deems just and appropriate.

Respectfully submitted,

/s/Andrew L. Margolius
Andrew L. Margolius (0003402)
Emily E. Gilbert (0080174)
Margolius, Margolius and Associates
55 Public Square, Suite 1100
Cleveland, Ohio 44113
(216) 621-2034; (216) 621-1908 Fax
E-mail:   andrew@margoliuslaw.com
          emily@margoliuslaw.com

Attorneys for Plaintiff

## JURY DEMAND

Trial by jury hereby demanded.

/s/Andrew L. Margolius
Andrew L. Margolius